# IN THE COURT OF APPEALS OF IOWA

No. 17-1364
Filed October 25, 2017

**IN THE INTEREST OF A.B.,**
**Minor Child,**

**H.W., Father,**
    Appellant.
_____

    Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld, District Associate Judge.


    A father appeals the termination of his parental rights pursuant to Iowa Code chapter 232 (2017).  **AFFIRMED.**


    Deborah M. Skelton, Walford, for appellant father.

    Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

    Kimberly A. Opatz of Linn County Advocate, Cedar Rapids, guardian ad litem for minor child.


    Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

Henry appeals the termination of his parental rights in A.B. pursuant to Iowa Code section 232.116 (2017). He argues there was insufficient evidence to terminate his rights under section 232.116(1)(e) and (f). He also contends termination was not in the best interests of A.B. based on his bond with the child.

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The legal framework for termination appeals is well established and does not need to be repeated here. *See id.*; *In re M.W.*, 876 N.W.2d 212, 219–20 (Iowa 2016) (stating review is de novo and setting forth the applicable "three-step inquiry"). "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).

There is clear and convincing evidence to terminate Henry's parental rights pursuant to Iowa Code section 232.116(1)(e). To terminate pursuant to this provision, the State was required to prove, as relevant here, "the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so." Iowa Code § 232.116(1)(e). The child at issue is one of Henry's seventeen or eighteen children from different mothers. The child at issue is nine years of age, but Henry was unsure of her age at the termination hearing. This is unsurprising; Henry has seen her but a handful of times in her life. They have no shared history or bond. Since the initiation of this proceeding, Henry has done nothing

to build a relationship with A.B. or have A.B. placed in his care. He did not attend visitations. Even at the termination hearing, Henry testified he just wants to be able to visit A.B. and have her know her half-siblings rather than assume care of the child. Termination of Henry's parental rights is in the best interest of the child. The child wishes to remain in her current placement with her grandmother. There is no basis for this court to preserve the parent-child relationship pursuant to section 232.116(3).

For these reasons, we affirm the termination of Henry's parental rights in A.B.

**AFFIRMED**.